# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 9043 | **DATE** | 11/22/2004 |
| **CASE TITLE** | Zhan vs. County of Cook | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the Memorandum Opinion and Order, Cook County's motion to dismiss is denied as to Zhan's claims under the ADEA for age discrimination and Title VII for national origin discrimination. The motion to dismiss is granted as to Zhan's fraud, retaliation, and defamation claims, and for her claim under Title VII for sex discrimination [#12]. Cook County did not address Zhan's Equal Pay Act claim in its motion to dismiss, so that claim remains viable. Cook County is directed to answer Zhan's Complaint on or before December 10, 2004. Status hearing is set for scheduling conference on January 24, 2005 at 9:30 a.m. In the meantime, the parties are directed to meet in a sincere effort to resolve this case short of trial.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV 2 3 2004 | 17 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 11/22/2004 | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice MD mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| YULING ZHAN, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) No. 03 C 9043 ) Judge Joan H. Lefkow |
| COUNTY OF COOK, | ) ) |
| Defendant. | ) ) |

DOCKETED NOV 2 3 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff, Yuling Zhan ("Zhan"), brings this *pro se* civil action alleging that defendant, County of Cook ("Cook County"), discriminated against her on the basis of her age in violation of the Age Discrimination Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), and her national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), by firing her from her position as Junior Database Administrator. She also alleges that Cook County defamed her in retaliation for filing a discrimination complaint with the Equal Opportunity Employment Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR"). In addition, Zhan alleges that Cook County violated the Equal Pay Act and committed fraud. Before the court is Cook County's motion to dismiss the complaint under Federal Rules of Civil Procedure 8(a) and 12(b)(6). For the reasons stated below, the motion is granted in part and denied in part.

## STANDARD OF REVIEW

Rule 8(a) requires that a complaint be "a short and plain statement of the claim showing that the pleader is entitled to relief." This rule "is the starting point of a simplified pleading

system, which was adopted to focus litigation on the merits of the claim." *Sweirkiewicz* v. *Soreman*, 534 U.S. 506, 514 (2002). A complaint satisfies the requirements of Rule 8(a) when "it gives respondent fair notice of the basis for petitioner's claims." *Id.* To survive a motion to dismiss under Rule 8(a), a plaintiff must only provide a "short and plain statement"; the particulars of the claim are not required. *Midwest Gas Servs.* v. *Ind. Gas Co.*, 317 F.3d 703, 710 (7th Cir.2002).

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957); *Sanville* v. *McCaughtry*, 266 F.3d 724, 732 (7th Cir. 2001). In ruling on a motion to dismiss, the court accepts as true all well-pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002). In a case brought by a *pro se* plaintiff, the court relaxes the liberal standards of notice pleading, and the "complaint must be liberally construed and is entitled to less stringent scrutiny than those prepared by counsel." *Gutierrez* v. *Peters*, 111 F. 3d 1364, 1369 (7th Cir. 1997).

## ALLEGATIONS OF THE COMPLAINT

Zhan, a fifty-one year old woman born in China, was hired by the Cook County Treasurer's Officer on March 26, 2001 to assist in the construction of computer databases. Zhan spoke English and had ten years' experience working in a law firm and an insurance office in the United States. She was the only employee in the Treasurer's Office from China.

Zhan claims that she experienced discrimination from the beginning of her employment with Cook County because of her national origin and her age. First, Cook County advertised the job as offering a salary of $45,000 per year, but only paid Zhan $30,000 per year, though her educational background and work experience were as good or better than the requirements identified in the advertisement. At work, one of Zhan's supervisors, Lora McDonald, ridiculed Zhan in front of other employees, saying things such as "Yuling talks like a two year old." Zhan's supervisors required her to communicate with the Treasurer through an intern, while other employees could communicate with the Treasurer directly. Nevertheless, she received positive evaluations and no negative written or verbal comments on her job performance.

At some point during Zhan's employment, Cook County began to experience frequent problems with the office's email system. One of Zhan's supervisors, Mr. Allen, warned Zhan that "everybody is in danger" after the Treasurer and Deputy Treasurer threatened to fire "anyone responsible."

On July 12, 2001, Cook County fired Zhan, citing the need to cut staff and stating that her productivity was low. She was the only employee fired, though her work performance compared favorably to a younger database administrator, Mr. Wilson, who was twenty-eight years old and "shared the same ethnic and ancestry background as the Treasurer and many others." Wilson had worked only part-time prior to his employment at the Treasurer's Office. After Zhan was fired, Wilson's salary was increased to $60,000 per year. Furthermore, three weeks before Zhan was fired, her supervisors informed her that she was being assigned to advanced training. Cook County claims that the position of Junior Database Administrator was eliminated because "it required a skill set that was insufficient to keep up with its growing needs." However, shortly

after firing Zhan, Cook County advertised an opening for the same position.

On August 28, 2001, Zhan filed a discrimination complaint with the IDHR and the EEOC, alleging that her performance had been satisfactory and that Cook County had discriminated against her on the basis of her national origin when it fired her. A later charge filed with the IDHR and the EEOC added age discrimination to Zhan's complaints against the county. After Zhan filed her complaints, she received a copy of an undated memorandum and an undated letter from Christina Kallaris, Director of Human Resources for Cook County. The letter states that Zhan had been hired in 2001 on a probationary basis. It continued,

> The Department of Information Technology is currently making changes and evaluating its operations. The functionality of a Jr. Database Manager no longer meets the departmental needs. Consequently, we felt that it was needed to sever our relationship at this time in order to fulfill our operational needs.

The memorandum states that Zhan's ninety-day probation period has been extended for ninety more days. Zhan claims that the documents are forgeries. She also claims that Cook County retaliated against her by defaming her in describing her job performance.

On October 16, 2003, the EEOC issued Zhan a right to sue letter. On December 16, 2003, Zhan filed a complaint of employment discrimination before this court. The complaint included an eight page "List of Facts" and nine exhibits. On March 8, 2004, Zhan filed a pleading entitled "Amendment and Suplement [sic] to the Complaint," which included nine more pages of exhibits. On March 23, 2004, Zhan filed a "Return of Service" form with the Office of the Clerk for this court, which shows that the complaint, amendment, and summons were served on March 10, 2004, by leaving a copy with the receptionist at the offices of the Cook County Treasurer's Office at 118 North Clark Street, Room #112, Chicago, Illinois, 60602.

## DISCUSSION

### I. Rule 8(a)

Zhan's complaint and amendment contain multiple pages of exhibits. Cook County first argues that the complaint should be dismissed because these exhibits violate the pleading requirements of Federal Rule of Civil Procedure 8(a)(2), which requires that a claim be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). Cook County relies on *Michaelis v. Nebraska State Bar Ass'n*, 717 F. 2d 437 (8th Cir. 1983). In *Michaelis*, the court dismissed with prejudice the complaint of a lawyer challenging his disbarment. *Id.* at 49. The plaintiff had filed multiple complaints in violation of Rule 8, and the court found that "the style and prolixity of these pleadings would have made an orderly trial impossible[;] [the defendant's] deliberate persistence in refusing to conform his pleadings to the requirement of Rule 8 justified dismissal of the complaints with prejudice." *Id.*, at 439.

The instant case, however, does not involve a lawyer who has deliberately persisted in violating Rule 8, but rather a *pro se* plaintiff. The Seventh Circuit has held that complaints drafted by *pro se* plaintiffs are held to "less stringent standards" than those applied to complaints drafted by attorneys. *Swofford v. Mandrell*, 969 F. 2d 547 (7th Cir. 1992). The documents Zhan filed, while awkwardly drafted, are not so rambling or confusing that Cook County is unaware of Zhan's claims or the basis for them. This is all that Rule 8 requires. A complaint need only "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v. Soreman*, 534 U.S. 506, 512 (2002), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Thus, The Cook County's motion to dismiss under rule 8(a) is denied.

## II. Rule 12(b)(6)

### A. Fraud

To successfully state a cause of action for common law fraud under Illinois law, a plaintiff must plead, among other things, that the defendant knowingly made a false statement of material fact with the intent to induce the plaintiff to act in reliance thereon. *See Fitzpatrick v. ACF Properties Group, Inc.*, 595 N.E. 2d 1327, 1341 (Ill. App. 2d Dist. 1992). The complaint alleges that Zhan "was fired on July 12 of 2001. To cover up its blatantly illegal conduct Defendant forged a fraud [*sic*] document. The interoffice memorandum was addressed to me; but I got the first copy as late as February 7 of 2003." Zhan does not allege that Cook County created this document to induce her to act in reliance thereon, and the court sees no way that she could do so. Thus, Zhan's fraud claim is dismissed.

### B. Defamation

Zhan alleges that Cook County defamed her by disparaging her job performance during the IDHR's investigation of her discrimination complaint. Under Illinois law, statements made during quasi-judicial proceedings, such as an IDHR investigation, are privileged and cannot be the basis for a private cause of action. *See Thomas v. Petrulis*, 465 N.E.2d 1059 (Ill. App. 2d Dist. 1984) (holding that statements made during "quasi-judicial proceedings" before the EEOC are absolutely privileged). Thus, Zhan's defamation claim is dismissed.[1]

### C. Title VII and ADEA

As Cook County acknowledges, a complaint in an employment discrimination suit need

---

[1] Because Zhan's retaliation claim is also based on the alleged defamation, rather than action taken in response to her engaging in protected activity, it too is dismissed.

6

only allege "I was turned down for a job because of my race" to survive a motion to dismiss. *Bennet v. Schmidt*, 153 F. 3d 516, 518 (7th Cir. 1998). Zhan's complaint clearly satisfies this standard.

Even if a complaint meets this standard, however, a defendant may succeed on a motion to dismiss if the plaintiff "alleg[es] facts which show that he has no claim, even though he was not required to allege those facts." *Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir. 1994). Cook County argues that the documents attached to Zhan's complaint demonstrate that she has no claim. First, Cook County points to Zhan's statement that, on the day of her discharge, a supervisor told her that her productivity was low. Based on this statement, Cook County argues that Zhan cannot show that she was performing her job in a satisfactory manner. This argument is patently without merit. Just because a supervisor says that an employee's work is not satisfactory does not mean that it is true. This is the assumption on which the *McDonnell Douglas* pretext analysis is based. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Indeed, Zhan alleges that other employees who were not of her age or national origin were even less productive than she, and they were rewarded with promotions rather than termination. Thus, a statement that her productivity was low, in itself, reveals nothing about whether discrimination occurred.

Cook County's remaining arguments are equally meritless. For example, Cook County claims that since Zhan stated that she was the only person of Chinese descent in her workplace, she cannot claim that any other employees were "similarly situated." The logic of this proposition is absurd. The purpose of requiring an employment discrimination plaintiff to show that similarly situated employees were treated more favorably by the employer is to limit the

possible causes of the disparate treatment to the protected characteristic. If the plaintiff were required to show that the similarly situated employee also shared the plaintiff's protected characteristic, then the plaintiff would be unable to demonstrate the causal significance of that characteristic. Moreover, according to Cook County's argument, an employee could never state a *prima facie* case of discrimination so long as no other employee shared the plaintiff's protected characteristic. This is clearly not the purpose of the *McDonnell Douglas* test.

In short, nothing in the exhibits shows that Zhan cannot prove her core complaint–that she was fired because of her age and national origin. Thus, Cook County's motion to dismiss Zhan's wrongful termination claim pursuant to Rule 12(b)(6) is denied.[2]

## CONCLUSION

Cook County's motion to dismiss is denied as to Zhan's claims under the ADEA for age discrimination and Title VII for national origin discrimination. The motion to dismiss is granted as to Zhan's fraud, retaliation, and defamation claims, and for her claim under Title VII for sex discrimination [#12]. Cook County did not address Zhan's Equal Pay Act claim in its motion to dismiss, so that claim remains viable. Cook County is directed to answer Zhan's Complaint on or before December 10, 2004. This case will be called for scheduling conference on January 24,

---

[2] In Zhan's "Amendment," she apparently attempts to add a claim for employment discrimination based on sex. This claim was not included in her EEOC charge. Thus, she cannot bring this claim now. *See Chambers v. American Trans Air, Inc.*, 17 F.3d 998, 1003 (7th Cir. 1994) ("[T]o prevent circumvention of the EEOC's investigatory and conciliatory role, only those claims that are fairly encompassed in an EEOC charge can be the subject of a resulting lawsuit.").

8

2005 at 9:30 a.m. In the meantime, the parties are directed to meet in a sincere effort to resolve this case short of trial.

Enter: /s/ Joan H. Lefkow
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: November 22, 2004