# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| YULING ZHAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 03 C 9043 |
| vs. ) | Judge Joan H. Lefkow |
| ) | |
| COUNTY OF COOK, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Yuling Zhan ("Zhan"), filed suit against defendant, County of Cook ("Cook County"), alleging that it discriminated against her on the basis of her age in violation of the Age Discrimination Employment Act, 29 U.S.C. 621 *et seq.* ("ADEA"), and her national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), by firing her from her position as Junior Database Administrator. She also alleged that Cook County defamed her in retaliation for filing a discrimination complaint with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR"). In addition, Zhan alleged that Cook County violated the Equal Pay Act of 1963, 29 U.S.C. § 206(d) ("EPA"), and committed fraud. On November 22, 2004, the court dismissed Zhan's fraud, retaliation, and defamation claims, as well as her claim under Title VII for sex discrimination. *See* Dkt. No. 17. Presently before the court is Cook County's motion for summary judgment on Zhan's Equal Pay Act claim and Zhan's remaining claims under the ADEA for age discrimination and Title VII for national origin discrimination. Cook County also

filed a motion to strike Zhan's response to its statement of material facts and Zhan's statement of additional facts. For the reasons stated below, Cook County's motion for summary judgment is denied and its motion to strike is granted in part and denied in part.

## SUMMARY JUDGMENT STANDARDS

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56©. To determine whether any genuine issue of fact exists, the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed R. Civ. P. 56(C) Advisory Committee's notes. The party seeking summary judgment bears the initial burden of proving there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In response, the non-moving party cannot rest on bare pleadings alone but must use the evidentiary tools listed above to designate specific material facts showing that there is a genuine issue for trial. *Id.* at 324; *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). A material fact must be outcome determinative under the governing law. *Insolia*, 216 F.3d at 598-99. Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the court must construe all facts in a light most favorable to the non-moving party as well as draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

## FACTS STATED IN LIGHT MOST FAVORABLE TO PLAINTIFF

Sometime in March 2001, Zhan, a fifty-one year old woman born in China, interviewed

for the position of Junior Database Administrator ("JDA") in the Information Technology Department ("the IT Department") of the Cook County Treasurer's Office ("the Treasurer's Office").[1] During the interview, Lora McDonald ("McDonald"), Chief Information Officer for the Treasurer's Office, informed Zhan that the JDA position involved developing "Access" database user support, analyzing business requirements, and database implementation and administration.

---

[1] Cook County moves to strike Zhan's response to its statement of material facts and Zhan's statement of additional facts. Cook County contends that Zhan's responses to its statement of material facts are deficient because they either 1) constitute qualified admissions; 2) rely on inadmissible hearsay; 3) rely on unauthenticated documents; 4) are not supported by specific citations to the record; 5) are supported by Zhan's self-serving affidavit; or 6) interpose additional facts. Cook County contends that Zhan's statement of additional facts is deficient for many of the same reasons, but also because it contains 76 additional facts even though Local Rule 56.1(b)(3)(C) provides that a respondent to a summary judgment motion shall not file more than 40 separately-numbered statements of additional facts without obtaining leave of court.
    In response to Cook County's motion, Zhan sought leave to file the additional 36 facts, as well as a supplemental declaration to authenticate certain exhibits to which Cook County raised an objection. *See* Dkt. No. 69. The court granted Zhan's request on March 14, 2007, thereby rendering moot some of Cook County's objections. *See* Dkt. No. 72.
    As for the remaining objections raised by Cook County, the court acknowledges that many of them are well-founded. Nevertheless, many of Cook County's objections address facts that are not actually material, as they are irrelevant to resolution of its motion for summary judgment. As a consequence, the court declines to undertake a paragraph-by-paragraph review of Cook County's objections, electing instead to address Cook County's objections only where necessary to resolve its motion for summary judgment.
    Moreover, many of the objections raised by Cook County apply with equal force to its statement of facts and responses to Zhan's statement of additional facts. For instance, Cook County admits several of Zhan's additional facts but qualifies its response with such phrases as "The County admits ¶ _, inasmuch as the fact is supported by admissible evidence" or "The County admits ¶ _ is supported by admissible evidence." *See, e.g.*, Cook County's Response to Zhan's Statement of Material Facts, ¶¶ 1, 2, 9, 25, 26. Since Cook County admits other paragraphs without the inclusion of such qualifying phrases, Cook County's qualified admissions can only be intended to create the impression that the fact cited by Zhan is supported by some evidence but contradicted by other evidence. Cook County fails, however, to cite the "other evidence" that contradicts the cited fact. Additionally, Cook County also rightly objects to Zhan's reliance on hearsay to support her statement of additional facts, but then attempts to support some of its statements with similarly incompetent evidence. *See, e.g.*, Cook County's Statement of Material Facts, ¶¶ 15, 32, 34. Since both parties' material facts only partially comply with the district's Local Rule 56.1, strict enforcement of the rules in this case will not aid in the resolution of Cook County's motion for summary judgment. Thus, for that reason too, the court elects to address deficiencies in the parties' statements of facts and responses thereto only as necessary.

3

Zhan was ultimately selected for the position over numerous other candidates, beginning her employment on March 26, 2001. Zhan was hired at a Grade 14 pay grade with a starting salary of $30,000 per year. At a minimum, Zhan's duties consisted of developing and designing database and user support, which meant helping users solve database problems. During her tenure with the Treasurer's Office, Zhan created four databases: 1) the "Main Change Database" for McDonald; 2) the "PIN Tracking Database" for a user named Connie; 3) the "No-Check Database" for a user named Luis Crespo; and 4) the "CCT Open Issue Database" at the request of Mark Allen, end user unidentified.[2]

Brandon Wilson ("Wilson") worked with Zhan in the IT Department of the Treasurer's Office. Wilson created databases for the Treasurer's Office and was employed at a Grade 22 or 23 pay grade.[3]

On July 12, 2001, Zhan's employment was terminated, while Wilson's employment was

---

[2] Cook County objects to Zhan's reliance on her own deposition testimony to support her contention that she created at least four databases while employed by the Treasurer's Office, arguing that self-serving testimony cannot be used to defeat summary judgment. Cook County's argument notwithstanding, it is well-settled that a plaintiff's deposition testimony is sufficient to defeat summary judgment so long as it is based on personal knowledge and it is non-conclusional. *See Payne* v. *Pauley*, 337 F.3d 767, 772 (7th Cir. 2003) (evidence presented in a "self-serving" affidavit or deposition is enough to thwart a summary judgment motion provided it meets the usual requirements for evidence at summary judgment stage). In this instance, Zhan has identified the four databases by name, as well as either the person who requested the creation of the database or the person who ultimately used it. As a result, Zhan's deposition tesitmony is competent summary judgment evidence. Thus, since Cook County identifies no evidence in the record refuting Zhan's claim that she created four databases, that fact is deemed admitted.

[3] Zhan disputes Cook County's assertion that Wilson "created" databases. Zhan fails, however, to cite to any fact in the record to support her position. Instead, Zhan merely argues that the testimony of Michael Shine, a Treasurer's Office official, wherein he states that Wilson "created" databases, is untrustworthy because Shine could not recall whether Wilson worked for the IT Department, to whom Wilson reported, and who hired Wilson. While Shine was not familiar with all of the details of Wilson's employment, his testimony that Wilson "created" databases is based on his personal knowledge. As such, there is an adequate foundation for his testimony. Accordingly, since Zhan cites no evidence contradicting Shine's testimony, the court deems admitted that Wilson "created" databases.

4

not.

## DISCUSSION

A.     **Equal Pay Act Claim**

The EPA prohibits sex-based wage discrimination. 29 U.S.C. § 206(d)(1); *Dey v. Colt Constr. & Dev. Co.*, 28 F.3d 1446, 14610462 (7th Cir. 1994). In order to succeed on her equal pay claim, Zhan must establish a *prima facie* case with evidence that "(1) higher wages were paid to a male employee, (2) for equal work requiring substantially similar skill, effort and responsibilities, and (3) the work was performed under similar working conditions." *See Cullen v. Indiana Univ. Bd. of Trs.*, 338 F.3d 693, 698 (7th Cir. 2003) (quoting *Stopka v. Alliance of Am. Insurers*, 141 F.3d 681, 685 (7th Cir. 1998)). In determining whether two jobs are equal, the crucial inquiry is "whether the jobs to be compared have a 'common core' of tasks, i.e., whether a significant portion of the two jobs is identical." *Fallon v. Illinois*, 882 F.2d 1206, 1209 (7th Cir. 1989) (citations and quotation marks omitted). Once the plaintiff establishes a common core, the court must ask whether any additional tasks make the jobs "substantially different." *Id.* (citation and quotation marks omitted). Significantly, the EPA does not require proof of discriminatory intent. *See Stopka*, 141 F.3d at 685.

In this case, it is undisputed that Zhan and Wilson were compensated differently: Zhan at Grade 14 and Wilson at Grade 22 or 23. The question is whether their jobs were equal. That determination cannot be made, however, because of the many factual inconsistencies and disputes in the record.

First, though largely of symbolic importance, it is unclear whether Zhan and Wilson had the same job title. On some occasions, Cook County seems to contend that Zhan was a Data

5

Entry Manager, identifying her job duties as those specified in the internal job posting for that position. *See* Cook County's Statement of Material Facts, at ¶ 16 (stating that "Plaintiff's duties were to plan, supervise, and direct the activities of personnel with the operation of data entry machines and maintain accurate and complete files."). On other occasions Cook County appears to concede that Zhan was a JDA. *See* Cook County's Memorandum in Support of Motion for Summary Judgment, at p. 2 (stating that "Defendant offered [Zhan] a position of junior database administrator); *see also* Cook County's Response to Zhan's Statement of Additional Facts, at ¶ 10 (stating that Cook County does not contest that the cited evidence supports Zhan's statement that she was hired as JDA). Whatever Cook County's actual position, there is sufficient evidence to create an issue of fact that Zhan was employed as a JDA.

There is also a dispute of fact as to whether Wilson was employed as a JDA. In its statement of material facts, Cook County asserts that Wilson was not a JDA, relying on the deposition testimony of Shine wherein he states that Wilson was not a JDA because he created databases for the Treasurer's Office. Zhan, on the other hand, supports her contrary assertion with the deposition testimony of McDonald wherein McDonald states that she believes Wilson was a JDA. *See* Zhan's Statement of Additional Facts, at ¶ 32.[4]

There is also a dispute of fact as to what duties Zhan performed in the Treasurer's Office and whether they materially differed from those performed by Wilson. In its statement of material facts, Cook County asserts, as noted above, that Zhan's duties were "to plan, supervise, and direct the activities of personnel with the operation of data entry machines and maintain

---

[4]Cook County denies paragraph 32 of Zhan's statement of additional facts but fails to explain the basis for its denial and cites no evidence in the record in support of it.

6

accurate and complete files." In its response to Zhan's statement of additional facts, however, Cook County admits 1) "Plaintiff did not perform the duties of a Data Entry Manager" ¶ 22; 2) "Plaintiff did not supervise other employees or the operation of data entry machines" ¶ 23; 3) "Plaintiff did not observe the operation of data entry machines to detect operating malfunctions and to take corrective action when necessary, *id.*, which is a duty of a Data Entry Manager ..." ¶ 24; and 4) "Plaintiff also did not plan work schedules in order to make maximum utilization of available personnel and equipment, *id.*, which is another duty of a Data Entry Manager ..." ¶ 25.

Even if Cook County's references to the duties of a Data Entry Manager are ignored, and consideration is given only to its assertion in paragraph 10 of its statement of facts that Zhan's duties consisted of "developing [and] designing database and user support, which meant helping users solve some database problems," there remains a disputed issue of fact, because Cook County's accounting of Zhan's duties must still be supplemented with her unrebutted testimony that she was also responsible for creating databases. Since database creation is the essential duty that distinguished Wilson's from Zhan's job, *see* Cook County's Memorandum in Support of Motion for Summary Judgment at p. 8 ("The job of a [JDA] was substantially different from Brandon Wilson who created databases, not parts of databases like Plaintiff."), her testimony creates an issue of fact as to whether Zhan and Wilson performed the same job. In addition, Zhan's unrebutted testimony that she took over Wilson's duties while he was on vacation also gives rise to an inference that their jobs involved a "common core" of tasks.

Cook County argues that Zhan and Wilson could not have performed a "common core" of tasks because Shine testified that McDonald told him that Zhan did not possess the skills or

7

qualifications to fulfill the JDA position. Shine's testimony about McDonald's alleged out-of-court-declarations is hearsay, and thus, is incompetent summary judgment evidence. *See Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997) ("[Hearsay is inadmissible in summary judgment proceedings to the same extent that it is inadmissible in a trial."). Moreover, the fact that Zhan was ultimately hired for the JDA position, as well as her unrebutted testimony that she took over Wilson's job duties while he was on vacation, creates an issue of fact as to whether Zhan was qualified for the position even if Shine's testimony is credited.

Cook County argues that even if Wilson and Zhan performed a "common core" of tasks, additional tasks performed by Wilson made his job substantially different. Cook County maintains that since Wilson was employed at a pay grade Grade 22 or 23, his duties necessarily included the duties identified in the internal job posting for the Grade 23 position, Systems Analyst V. *See* Cook County's Statement of Material Facts, at ¶ 20 (asserting that Wilson's duties were "assisting department heads by directing the coordination and analyzing the electronic computer system applications for complex technical functions relative to the development and revision of administration methods and operational procedures, devising, initiating and assigning studies in problem areas of administrative and operation sections; delegating control and assignment of workloads to subordinate analysts; maintaining effective economical schedules for completion dates of projects; investigating and evaluating current and new data processing equipment to determine current operational requirements and needs; and initiating research to determine the advisability of replacing obsolete equipment with more advanced and efficient machines of greater capacity and versatility."). Cook County's argument, however, confuses Wilson's budgetary job title from his actual department job title. Cook

8

County admits that an employee's department job description overrides his budgetary job description. See Cook County's Response to Zhan's Statement of Additional Facts, at ¶ 27. As such, Wilson's budgetary job description is irrelevant, particularly since there is no evidence that Wilson actually performed any of the duties identified in the job posting for the Systems Analyst V position. In fact, the evidence cited by Cook County indicates only that "Wilson created databases, hopping around doing special projects wherever needed." See Cook County's Statement of Material Facts, at ¶ 23. That description of Wilson's duties hardly provides a basis to distinguish his job from Zhan's.

Material questions of fact thus remain as to whether Zhan received unequal pay for equal work. The Seventh Circuit has noted that "even if the man and woman are doing the same work for different pay, if the difference is due to a factor unrelated to gender, there is no violation [of the EPA]." *Lindale* v. *Tokheim*, 145 F.3d 593, 597 (7th Cir. 1998). It is Cook County's burden, however, to prove that "the pay disparity stems from a seniority system, a merit system, a system which measures earnings by quantity or quality of production, or a differential based on any other factor other than sex." *Wollenburg*, 201 F.3d at 976. At this stage of the proceedings, Cook County has made no effort to show that the wage differential between Zhan and Wilson was due to one of the four defenses set forth in the statute. Accordingly, summary judgment on Zhan's EPA claims is not appropriate.

**B.     Title VII Age and National Origin Discrimination Claims**

Zhan contends that her age and national origin were impermissible motivating factors in Cook County's decision to terminate her in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq., Title VII of the Civil Rights Act of 1964, 42

9

U.S.C. § 2000e et seq., and 42 U.S.C. § 1981. Zhan may establish her discrimination claims using either the direct or indirect methods of proof. *Scaife v. Cook County*, 446 F.3d 735, 739 (7th Cir. 2006).

Under the direct method, Zhan must put forth evidence that her employer's decision to terminate her had a discriminatory motivation. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 610 (7th Cir. 2006); *Rudin v. Lincoln Land Cmty. Coll.*, 420 F.3d 712, 720 (7th Cir. 2005). She may do so under the direct method by providing direct evidence, such as an "outright admission" of discrimination. *Cardoso v. Robert Bosch Corp.*, 427 F.3d 429, 432 (7th Cir. 2005). Zhan does not claim that Cook County made an "outright admission" of discrimination.

Zhan may nevertheless also prevail under the direct method of proof by constructing a "convincing mosaic" of circumstantial evidence that "allows a jury to infer intentional discrimination by the decision-maker." *Troupe v. May Dept. Stores Co.*, 20 F.3d 734, 737 (7th Cir. 1994). Circumstantial evidence of discrimination may include (1) "suspicious timing, ambiguous statements oral or written, behavior toward or comments directed at other employees in the protected group;" (2) evidence that "employees similarly situated to the plaintiff other than in the characteristic ... on which an employer is forbidden to base a difference in treatment received systematically better treatment;" (3) evidence that "the plaintiff was qualified for the job in question but passed over in favor of ... a person not having the forbidden characteristic and that the employer's stated reason for the difference in treatment is unworthy of belief, a mere pretext for discrimination." *Id.* at 736. That circumstantial evidence, however, "must point directly to a discriminatory reason for the employer's action." *Adams v. Wal-Mart Stores, Inc.*, 324 F.3d 935, 939 (7th Cir. 2003). If a plaintiff cannot present circumstantial evidence sufficient

to create an inference of intentional discrimination, she must proceed by way of the indirect method.

Zhan's circumstantial evidence of intentional age and national origin discrimination consists of the following allegations: 1) Zhan was the only employee of Chinese origin in the Treasurer's Office; 2) McDonald told Allen that "Yuling talks like a two-year old"; and 3) McDonald used an intern to communicate with Zhan.

Zhan's circumstantial evidence does not create an inference of intentional discrimination. None of Zhan's allegations in anyway implicates or relates to Zhan's age. As such, they provide no basis for a finding of intentional age discrimination. No inference of national origin discrimination can be drawn from Zhan's status as the only employee of Chinese origin absent at least evidence that other qualified individuals of Chinese origin applied for and were not selected for employment with the Treasurer's Office. Zhan's allegation that McDonald told Allen that "Yuling talks like a two-year old" is double-hearsay, as Zhan admitted that she did not hear McDonald make the statement but rather heard it second-hand from Allen. Finally, Zhan's allegation that McDonald treated her differently from other employees by communicating with her through an intern is insufficient to defeat summary judgment because there is no foundation for the allegation, such as when the communications took place or how often. Additionally, even if Zhan's allegation is considered, there is no basis to infer that McDonald intended to discriminate against her by communicating with her through an intern since McDonald interviewed and ultimately selected Zhan for employment. *See Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 744-45 (7th Cir. 1999) (recognizing an inference of non-discrimination when the same individual both hires and fires the plaintiff based on the common-sense notion that someone who

11

intended to discriminate against a person would never initially hire that person).

In light of the foregoing, Zhan fails to present enough circumstantial evidence to form a "convincing mosaic" of intentional discrimination. Accordingly, to survive summary judgment, Zhan must proceed under the indirect method of proof.

Under the indirect method of proof, Zhan bears the burden of producing evidence to establish a *prima facie* case of discrimination. *Rhodes*, 359 F.3d at 504. To establish a *prima facie* case of age or national origin discrimination, Zhan must produce evidence that (1) they belong to a protected class; (2) they performed their job according to their employer's legitimate expectations; (3) they suffered an adverse employment action; and (4) a similarly-situated employee who was not a member of a protected class was treated more favorably. *Id.* If Zhan meets this burden, Cook County must then articulate a legitimate, non-discriminatory reason for its action. If Cook County offers a legitimate, non-discriminatory reason, the burden shifts back to Zhan to present evidence that Cook County's proffered reason is a pretext for discrimination. *Id.* If Zhan produces evidence of pretext, a fact-finder could infer discrimination.

Cook County argues that Zhan cannot establish a *prima facie* case of national origin or age discrimination because she cannot show that she was meeting its reasonable expectations at the time of her discharge. Cook County contends that Zhan's inadequate job performance is evidenced by 1) Zhan's admission that she failed to timely complete the creation of the Sale and Error database; 2) McDonald's statements to Shine that Zhan was "not working out" and "underperforming; 3) Shine's statement to Peter Karahalios ("Karahalios"), another Treasurer's Office official, that Zhan did not have the skills he had hoped for; 4) Karahalios's statements to Zhan that "she needed to work more on making the databases better and not just doing what she

is told"; and 5) McDonald's determination that Zhan's position did not suit the needs of the IT Department.

None of the cited evidence supports a finding that Zhan was not meeting Cook County's expectations. Zhan admitted that she did not fully complete the Sale and Error Database before Allen returned from vacation, but Zhan's testimony indicates that completing the database in that timeframe was a goal, not a deadline. Furthermore, the evidence shows that Zhan substantially completed the database within the requested time. Thus there is no basis to infer that Zhan's minor delay in the completion of the task would have motivated Cook County's decision to terminate her employment. McDonald's statement to Shine and Shine's statements to Karahalios are all inadmissible hearsay. While Karahalios's statement to Zhan suggests that Cook County was dissatisfied with her work, it was made early in her tenure with the Treasurer's Office. Since Cook County has put forward no evidence of an assessment of Zhan' performance at a later stage in her employment, the court can infer that Zhan improved her performance and addressed the concerns raised by Karahalios. Finally, Shine's testimony that McDonald told him that Zhan's position did not suit the needs of the IT Department is hearsay, and furthermore, merely suggests a change in the Treasurer's Office's circumstances, not a deterioration or inadequacy in Zhan's performance. Indeed, McDonald testified that Zhan's termination was unrelated to her job performance. That admission alone is sufficient to defeat Cook County's argument that Zhan cannot establish a *prima facie* case because she was not meeting its reasonable expectations.

Cook County also contends that there is no evidence that a similarly situated employee was treated more favorably than she was treated. The court has already found in the context of evaluating Zhan's EPA claim that there is an issue of fact as to whether Wilson and Zhan

13

performed equal work. As a consequence, the court must also find that there is evidence that Wilson and Zhan were "similarly situated employees." Since Wilson, a Caucasian male under the age of 40, was not terminated, he and Zhan were treated differently. Thus, it is not clear that Zhan cannot establish a *prima facie* case of national origin and age discrimination.

Cook County next argues that it is entitled to summary judgment on Zhan's Title VII and ADEA claims because she has failed to rebut its non-discriminatory justification for terminating her employment. Cook County proffers two justifications for firing Zhan: 1) her performance was inadequate; and 2) the JDA position was eliminated because it no longer met the needs of the IT Department.

Both justifications are non-starters. McDonald testified that Zhan's job performance had nothing to do with her termination. As such, her testimony alone constitutes evidence that Cook County's reference to Zhan's job performance is a pretext. And since the court has already found that there is an issue of fact as to whether Zhan and Wilson were both JDAs, and therefore performing the same jobs, the fact that Wilson was not terminated constitutes evidence that Cook County's assertion that it eliminated the JDA position is a pretext for discrimination.

Since Zhan's has presented evidence sufficient to establish a *prima facie* case of discrimination and to create an issue of fact as to whether Cook County's proffered reasons for her termination are pretextual, defendant's motion for summary judgment must be denied.

## ORDER

For the reasons stated above, Cook County's motion for summary judgment [# 53] is denied. Cook County's motion to strike the Zhan's response to its statement of material facts and Zhan's statement of additional facts [# 65] is denied in part and granted in part. This matter will be called for a status hearing on April 24, 2007 at 9:30 a.m. In the meantime, the parties are directed to confer about the possibility of settlement.

Date: March 28, 2007

Enter: _____
JOAN HUMPHREY LEFKOW
United States District Judge